UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| BRETT MATHEW LATTIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CV212-012 |
| | ) | |
| Correctional Officer SNOOK; and | ) | |
| Correctional Officer FORSYTHE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS**
**WITH CONSOLIDATED BRIEF IN SUPPORT**

In this *Bivens* action[1] by Brett Mathew Lattin ("Lattin"), an inmate formerly incarcerated at

the Federal Correctional Institute in Jesup, Georgia ("FCI Jesup"), Defendants[2] seek dismissal of the

action in its entirety based upon Lattin's failure to exhaust his administrative remedies.[3]

## I.  STATEMENT OF FACTS.

Lattin alleges that Defendants Snook and Forsythe violated his constitutional rights by

sexually assaulting him, and that Defendant Snook then battered him one month later. *See* Dkt. #

14, page 2.

Defendants are correctional officers employed by the Federal Bureau of Prisons (BOP). *See*

*id.*

---

[1]  *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388
(1971).

[2]  The Court dismissed this action as against the Federal Bureau of Prisons and FCI Jesup,
Dkt. # 24, leaving Correctional Officers Snook and Forsythe as the sole defendants.

[3]  In making this motion, Defendants do not waive, but rather expressly preserve, any and all
defense available to them, including the defense of qualified immunity.

## II.  MEMORANDUM OF AUTHORITIES.

**A.  Exhaustion of Administrative Remedies Is Required for a *Bivens* Action
Even Where Monetary Damages Are Sought, and the Requirement
Cannot Be Avoided by Claiming That Exhaustion Would Be Futile.**

The Prison Litigation Reform Act (PLRA), amended under 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, *or any other federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."(Emphasis added). The PLRA amendment applies to cases filed after April 26, 1996, the effective date of the PLRA. Thus, as of the passage of the PLRA, there exists a statutory requirement of exhaustion. Failure to exhaust requires dismissal of the action.

Under the PLRA, a prisoner must exhaust "such administrative remedies as are available" before bringing a civil action in federal court. 42 U.S.C. §1997e(a).  In *Booth v. Churner*, 532 U.S. 731 (2001), a unanimous Supreme Court held that Congress mandated completion of any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief, "irrespective of the forms of relief sought and offered through administrative avenues." *Id*. at 741. The *Booth* Court explained that the exhaustion requirement applies even when the prisoner seeks relief not available in grievance proceedings, notably money damages.  *Id*.  The Court also closed the door on any futility arguments made by the inmate, stating, "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Id*. at 741.

In *Porter v. Nussle*, 534 U.S. 516 (2002), the Supreme Court revisited the issue of exhaustion and reaffirmed that the PLRA exhaustion requirement applies to all inmate lawsuits, including

*Bivens* actions, because the PLRA encompasses "all actions ... brought with respect to prison conditions, whether under [42 U.S.C.] § 1983 or any other Federal law. *Id*. at 524 (internal punctuation omitted).

> In a *Bivens* case, the Eleventh Circuit has held succinctly that
>
> section 1997e(a) requires [a federal prisoner asserting a *Bivens* claim] to submit his claims for monetary and injunctive relief to the BOP's available prison grievance program, even if the relief offered by that program does not appear to be "plain, speedy, and effective," before filing those claims in federal court. The judicially created futility and inadequacy doctrines do not survive the PLRA's mandatory exhaustion requirement.

*Alexander v. Hawk,* 159 F.3d 1321, 1328 (11th Cir. 1998).

**B.  Lattin Has Failed To Exhaust His Administrative Remedies Available Under BOP Regulations.**

The BOP administrative remedy procedure, is codified in 28 C.F.R. § 542.10 *et seq*., and provides formal review of any complaint which relates to any aspect of the inmate's confinement. Under this process, inmates must first attempt informal resolution of their complaints by discussing the matter with a member of their Unit Team (BP-8.5). A record of that attempt is usually signed by the inmate and a member of the Unit Team. If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden (BP-9) within fifteen (15) days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.13. If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director (BP-10). If the inmate is dissatisfied with the regional response, he or she may file a national appeal with the Office of General Counsel in Washington, D.C. (BP-11).  28 C.F.R. § 542.14.  Appeal to the Office of General Counsel is the final administrative appeal in the BOP.

One of the major tenets behind the exhaustion requirement is the recognition that an agency

should be given the opportunity to take corrective action in matters of administering its programs prior to reaching federal court. "[E]xhaustion . . . affords corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Porter*, at 516-17.

A review of the BOP's computerized record system reveals that Lattin has not exhausted the BOP's Administrative Remedy Program as to the incidents alleged. *See* Exh. A, Declaration of Vincent E. Shaw, Senior Litigation Counsel, Southeast Regional Office of the BOP. Although Lattin initiated several administrative remedy requests relating to incidents alleged in this action, each was rejected for a legitimate reason, was not appealed, or was voluntarily withdrawn by Lattin. *Id*., paras. 17-25.

Specifically, Lattin's first request and third request were first presented at the Regional level, without having been presented to the Warden, and they were rejected for that reason. *Id*., paras. 17-18, 21-22. The second request was denied by the Warden but not timely appealed, and Lattin's fourth request was an untimely appeal of the denial of the second request, which was rejected as untimely. *Id*, paras. 19-20, & 23.

Lattin's fifth and final administrative remedy request was received on January 13, 2012, and was voluntarily withdrawn by Lattin on January 19, 2012. *Id.*, para. 25. Correctional officer Douglas Acker was assigned to investigate Lattin's fifth request regarding the alleged incidents at FCI Jesup, and he questioned Lattin about the allegations on January 29, 2012. Exh. B., Declaration of Douglas Acker. According to Acker, Lattin stated "that the allegations in his administrative remedy were not true and were made only in an effort to get transferred from FCI Jesup." *Id*., para.

5.  Acker told Lattin that he was in the process of being transferred, and Latting "stated that he wished to voluntarily withdraw his administrative remedy."  Acker drafted a withdrawal memo which Lattin executed, a copy of which is submitted as Exhibit 3 to Acker's Declaration.  *Id*., para. 5 & Exh. 3.

## III.  <u>CONCLUSION</u>.

Because Lattin failed to exhaust the administrative remedies available to him prior to filing this action in this Court, the action must be dismissed for failure to exhaust administrative remedies.

This 16th day of July, 2012.

Respectfully submitted,

EDWARD J. TARVER
UNITED STATES ATTORNEY

/s/ Melissa S. Mundell
Assistant United States Attorney
Georgia Bar No. 529475
Post Office Box 8970
Savannah, Georgia  31412
(912) 652-4422

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served the foregoing Motion to Dismiss with Consolidated Brief in Support upon all parties in this case in accordance with the Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing in this Court.

This 16th day of July, 2012.

Respectfully submitted,

EDWARD J. TARVER
UNITED STATES ATTORNEY

/s/ Melissa S. Mundell
Assistant United States Attorney
Georgia Bar No. 529475
Post Office Box 8970
Savannah, Georgia  31412
(912) 652-4422