IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BRETT MATHEW LATTIN, | )<br>) |
| Plaintiff, | )<br>) |
| | ) Civil Action No. |
| v. | )<br>) CV212-012 |
| FEDERAL BUREAU OF PRISONS;<br>FEDERAL CORRECTIONAL<br>INSTITUTION, Jesup, Georgia;<br>Correctional Officer SNOOK; and<br>Correctional Officer FORSYTHE. | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DECLARATION OF DOUGLAS ACKER

I, Douglas Acker, under penalty of perjury pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment, hereby make the following declaration relating to the above entitled matter.

1. I am presently employed as a Deputy Captain at the Federal Correctional Complex in Coleman, Florida. I have been employed in this capacity since April 22, 2012. Prior to my promotion to Deputy Captain, I was employed as a Lieutenant at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), and I was so employed during the relevant time period of this lawsuit. I have been employed with the BOP

since January 27, 1991.

2. Included among my duties as a Lieutenant at FCI Jesup was to assist in the investigation of inmate administrative remedies concerning the Correctional Services Department.

3. On or about January 19, 2012, I was assigned to investigate an administrative remedy submitted by inmate Brett Lattin, Federal Register Number 11493-091. The administrative remedy was submitted to the Warden on or about January 13, 2012, and was assigned Remedy ID Number 672278-F1. *A true and correct copy of inmate Lattin's BOP Administrative Remedy Generalized Retrieval is attached as Exhibit 1.*

4. In his administrative remedy, inmate Lattin alleged he had been the subject sexual harassment and verbal abuse on two occasions. He also alleged that staff disregarded his pleas for help, and that he fears the abuse will continue until he is transferred from FCI Jesup. As relief he sought a furlough transfer from FCI Jesup and a recommendation for placement in home confinement. *A true and correct copy of inmate Lattin's administrative remedy is attached as Exhibit 2.*

5. On January 19, 2012, I questioned inmate Lattin concerning the allegations in his administrative remedy. Inmate Lattin

stated to me that the allegations in his administrative remedy were not true and were only made in an effort to get transferred from FCI Jesup. Once I told inmate Lattin that he was in the process of being transferred, he stated that he wished to voluntarily withdraw his administrative remedy. Accordingly, I drafted a withdrawal memo, which inmate Lattin executed. *A true and correct copy of the executed withdrawal is attached as Exhibit 3.*

6. The memo was submitted to administrative remedy clerk and the administrative remedy officially withdrawn on January 19, 2012. *Exhibit 2.*

7. I did not coerce inmate Lattin into withdrawing his administrative remedy.

Executed this 11th day of July 2012, in Jesup, Georgia.

_____
Douglas Acker
Deputy Captain
FCC Coleman