UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| BRETT MATHEW LATTIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CV212-012 |
| | ) | |
| Correctional Officer SNOOK; and | ) | |
| Correctional Officer FORSYTHE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**<u>OPPOSITION TO MOTIONS DOCKETED AS DOCUMENT NO. 39</u>**

Plaintiff in this *Bivens* action,[1] formerly an inmate at the Federal Correctional Institute in Jesup, Georgia ("FCI Jesup"), has filed an omnibus motion seeking: 1) leave to amend to add an increase in his demand for damages from $30,000,000.00 to $35,000,000.00; 2) leave to amend to add as defendants correctional personnel at a Texarkana facility as defendants; 3) a grant of release to a transitional confinement facility; and 4) to state his opposition to Defendants' motion to dismiss. Dkt. # 39.

Defendants Snook and Forsythe were correctional officers at FCI Jesup when Plaintiff was incarcerated there.[2]

Defendants oppose a grant of leave to amend to increase the damages demand because the time for amendment as of right has passed, and because they are not alleged to have participated in

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] The undersigned does not represent the "proposed defendants" and no arguments made on behalf of Defendants Snook and Forsyth should be deemed a waiver to any defenses or objections the proposed defendants may have in response to Plaintiff's amendment to the complaint, should it be allowed.

any way in the actions or events which Plaintiff puts forth as reasons for an increase in the demand for damages.

As to motion to allow an amendment to add correctional officers at a Texarkana facility as defendants, Defendants oppose that motion for the reasons stated succinctly in a recent decision from this Court:

> It is well settled that a plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ .P. 20(a). "In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir.2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n. 52 (11th Cir.2003). As recognized by the Eleventh Circuit Court of Appeals in analyzing the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n. 6 (11th Cir.1998) ( per curiam ) (citation omitted).

*Mahone v. Medlin,* 2012 WL 2022646, *4 (S.D. Ga. Apr. 17), *adopted* 2012 WL 2022599 (S.D. Ga. June 5, 2012).  The *Mahone* Court held that claims about conditions at one prison could not be added to an action about conditions at another prison because the various alleged conditions involved "different time-frames and different prisons and thus do not involve the 'same transaction or occurrence.'" *Id.*

Defendants further oppose an amendment to add the proposed defendants because the time for amendment as of right has passed, because Plaintiff has not alleged that the proposed defendants had anything to do with the actions of Defendants and/or the  incidents at FCI Jesup which are the subject of the action, and because adding claims regarding alleged incidents at Texarkana could confuse a jury and thereby prejudice Defendants.

As to the request for release to a transitional correctional facility, an order to grant such a release would be an order directing Defendants to take actions in their official capacities and would also be an order directing them to take actions which they are not alleged to have the authority to take in any capacity.  As Defendants are sued in their individual capacities in this *Bivens* action, any such claim if added would fail to state a claim upon which relief can be granted.

Plaintiff states no grounds for his opposition to Defendants' motion to dismiss, so Defendants stand on the grounds and arguments asserted in their brief in support of that motion.

For the above and foregoing reasons, Defendants Snook and Forsythe oppose all forms of relief sought in the motion and submit that the motion should be denied.

This 4th day of September, 2012.

    Respectfully submitted,

    EDWARD J. TARVER
    UNITED STATES ATTORNEY

    s/ *Melissa S. Mundell*
    Melissa S. Mundell
    Assistant United States Attorney
    Georgia Bar No. 529475
    Post Office Box 8970
    Savannah, Georgia  31412
    (912) 652-4422

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served the foregoing **Opposition to Motions Docketed as Document No. 39** upon all parties in this case in accordance with the Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing in this Court.

This 4th day of September, 2012.

                                                  Respectfully submitted,

                                                  EDWARD J. TARVER
                                                  UNITED STATES ATTORNEY

                                                  s/ *Melissa S. Mundell*
                                                  Melissa S. Mundell
                                                  Assistant United States Attorney
                                                  Georgia Bar No. 529475
                                                  Post Office Box 8970
                                                  Savannah, Georgia  31412
                                                  (912) 652-4422