IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BRETT MATHEW LATTIN,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV212-012

Correctional Officer SNOOK and
Correctional Officer FORSYTHE,

    Defendants.

## MAGISTRATE JUDGE REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Texarkana, Texas, filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Defendants filed a Motion to Dismiss. Plaintiff responded. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that he was sexually assaulted by two (2) correctional officers, Defendants Snook and Forsythe. Plaintiff also contends that he was assaulted approximately one (1) month later by Defendant Snook. Plaintiff asserts that he received physical and psychological injuries as a result of the assaults, and he did not receive proper medical attention for his injuries.

AO 72A
(Rev. 8/82)

Defendants assert that Plaintiff failed to exhaust his administrative remedies concerning the issues raised in his Complaint. Thus, Defendants assert, Plaintiff's Complaint should be dismissed.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. Once findings are made on disputed issues of fact, the court must decide, based on those findings, whether the inmate has exhausted available administrative remedies. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants contend that Plaintiff initiated several administrative remedy requests relating to the incidents alleged in this action, yet each request was rejected for legitimate reasons, was not appealed, or was voluntarily withdrawn. Defendants assert that two (2) of Plaintiff's administrative remedy requests were presented first at the regional level and were rejected on that basis. Defendants also assert that Plaintiff did not file a timely appeal on one (1) request after the Warden denied it, nor did he file a timely appeal of a request the Warden rejected as untimely. Finally, Defendants assert

AO 72A
(Rev. 8/82)

that Plaintiff filed an administrative remedy request on January 13, 2012, which Plaintiff voluntarily withdrew six (6) days later.

Plaintiff admits that he did not use the proper relief remedies, though he asserts that he tried to do so. Plaintiff contends that he asked for help, but he was constantly denied help. Plaintiff also contends that staff at his current place of confinement will not follow the recommendation of medical staff that he be released from his post-traumatic stress disorder "stimulous(sic)." (Doc. No. 39, p. 5).

42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter v. Nussle, 534 U.S. 516, 523 (2002). The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524; Booth v. Churner, 532 U.S. 731, 732 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

AO 72A
(Rev. 8/82)

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). According to these regulations, an inmate is required to seek an informal resolution of an issue. 28 C.F.R. § 542.13(a). If an informal resolution cannot be had, the inmate can file a grievance with the Warden ("BP-9"), and the Warden has 20 days to respond. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director ("BP-10"). 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons ("BP-11"). Id. An exception to the customary grievance procedure requirements can be had for sensitive issues:

> If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director. The inmate shall clearly mark "Sensitive" upon the Request and explain, in writing, the reason for not submitting the Request at the institution. If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted. Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden. The Warden shall allow a reasonable extension of time for such a resubmission.

28 C.F.R. § 542.14(d)(1).

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties'

conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

The evidence before the Court reveals that Plaintiff filed four (4) administrative remedy requests and one (1) appeal while he was housed in FCI Jesup. Only three (3) of these remedy requests concern Plaintiff's claims of sexual and verbal harassment. Plaintiff filed Administrative Remedy Request Number 667179-R1 on November 21, 2011, and asserted that he was sexually harassed and verbally abused. (Doc. No. 34-2, p. 33). The Request was rejected at the regional level because Plaintiff did not file his request at the proper level, as there was no indication that he raised any issues which were sensitive in nature. Plaintiff was informed that he should file his request at the appropriate level pursuant to the regular procedures. (Id. at p. 35). Plaintiff did not resubmit Administrative Remedy Request Number 667179 at the institutional level or otherwise file an appeal. In addition, there is no indication Plaintiff labeled this Remedy Request as "sensitive", which is required under 28 C.F.R. § 542.14(d)(1).

Plaintiff also filed Administrative Remedy Request Number 671706-R1, which was received at the Regional Office on December 20, 2011. Plaintiff stated that he was sexually harassed and verbally and physically abused. (Id. at p. 41). This Request was

AO 72A
(Rev. 8/82)

also rejected for being filed at the incorrect level, as the issues Plaintiff raised were not sensitive. Plaintiff was informed again to file a request or an appeal at the appropriate level pursuant to the regular administrative remedies procedures. (Id. at p. 43). There is no evidence Plaintiff pursued this directive. In addition, there is no indication Plaintiff labeled this Remedy Request as "sensitive", which is required under 28 C.F.R. § 542.14(d)(1).

Finally, Plaintiff filed Administrative Remedy Number 672278-F1, which was submitted to the Warden on January 13, 2012. (Doc. No. 34-3, p. 2). Plaintiff alleged that he was the victim of two (2) incidents of sexual harassment and verbal abuse. (Doc. No. 34-2, p. 45). Six (6) days later, Plaintiff requested this Administrative Remedy be withdrawn, with the understanding that the "matter has been informally resolved." (Id. at p. 47).

There is no evidence before the Court that Plaintiff exhausted his administrative remedies prior to the filing of his Complaint, in which he alleged that Defendants sexually assaulted him, that Defendant Snook assaulted him approximately one (1) month later, and he did not receive proper medical treatment for his injuries resulting from these assaults. In fact, there is no evidence before the Court that Plaintiff even mentioned the need for medical treatment or the existence of any serious medical needs he may have had in any of his administrative remedies. Plaintiff arguably exhausted Administrative Remedy Number 672278-F1 because the withdrawal of this Remedy resolved his grievance on an informal basis. 28 C.F.R. §§ 542.13(a) and 542.14(a). However, Plaintiff did not do so prior to the filing of his Complaint. Administrative Remedy Request Number 672278-F1 was withdrawn, and thus resolved,

on January 19, 2012. Plaintiff executed his Complaint on January 17, 2012, (Doc. No. 1, p. 7), and it was delivered to FCI Jesup mailroom staff on January 18, 2012. (Doc. No. 1-1). Plaintiff's Complaint was "filed" the day before Administrative Remedy Number 672278-F1 was resolved. Taylor v. Williams, 528 F.3d 847, 850-51 (11th Cir. 2008) (a *pro se* prisoner's pleadings are considered "filed" when the pleadings are deposited in the prison mail system); Houston v. Lack, 487 U.S. 266, 270-71 (1988). Accordingly, even if Plaintiff can be considered as having exhausted his administrative remedies, he did not do so before his Complaint was filed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, based on his failure to exhaust his administrative remedies prior to the filing of his Complaint.

**SO REPORTED** and **RECOMMENDED**, this 17th day of September, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)